UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| against ) | Civ. No. 09-cv-1750(GBD) |
| ) | |
| WG TRADING INVESTORS, L.P., WG TRADING ) | |
| COMPANY, LIMITED PARTNERSHIP, ) | |
| WESTRIDGE CAPITAL MANAGEMENT, INC., ) | |
| PAUL GREENWOOD and STEPHEN WALSH, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ROBIN GREENWOOD and JANET WALSH, ) | |
| ) | |
| Relief Defendants. ) | |

---

| | |
|---|---|
| COMMODITY FUTURES TRADING ) | |
| COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| against ) | Civ. No. 09-cv-1749(GBD) |
| ) | |
| STEPHEN WALSH, PAUL GREENWOOD, ) | |
| WESTRIDGE CAPITAL MANAGEMENT, INC., ) | |
| WG TRADING INVESTORS, L.P., WGIA, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| against ) | |
| ) | |
| WESTRIDGE CAPITAL MANAGEMENT ) | |
| ENHANCEMENT FUNDS, INC., WG TRADING ) | |
| COMPANY, L.P., WGI LLC, K&L INVESTMENTS ) | |
| and JANET WALSH, ) | |
| ) | |
| Relief Defendants. ) | |

---

# TABLE OF CONTENTS

I. Introduction……………………………………………………………………..2

II. Without Intervention, SDCERA Will Not Be Able To Protect Its Interest
In Its Funds Held by WGTC……………………………………………………..4

III. The February 25, 2009 Orders Should Be Modified……………….………..6

IV. SDCERA Is Entitled As Of Right To Intervene In These Matters   …………8

V.  The Temporary Restraining Order Should Be Modified With Respect
To SDCERA's Limited Partnership Interest…………....……………………..8

VI. Conclusion……………………………………………………………………..9

### SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND TO MODIFY THE TEMPORARY RESTRAINING ORDER WITH RESPECT TO ITS LIMITED PARTNERSHIP INTEREST

San Diego County Employees Retirement Association ("SDCERA"), by its attorneys, respectfully submits this memorandum of law in support of its motion to intervene in these matters and to modify the Temporary Restraining Order pursuant to Rules 24 and 65 of the Federal Rules of Civil Procedure.

### I. Introduction.

As set forth in the accompanying Intervening Complaint, annexed hereto as Exhibit "A", SDCERA claims an interest relating to the property being administered in these actions, specifically, to funds on deposit with Defendant WG Trading Company Limited Partnership ("WGTC"). SDCERA is so situated that disposing of these actions may, as a practical matter, impair or impede SDCERA's ability to protect its interest, and no other party adequately represents SDCERA's interest.

WGTC is in the business of trading in securities and commodities, is registered as a broker-dealer with the Securities and Exchange Commission ("SEC") and as a commodity pool operator with the Commodities Futures Trading Commission ("CFTC"), and is a member of the New York Stock Exchange and, until earlier this year, of the National Futures Association ("NFA"). On July 28, 2000, SDCERA executed a subscription agreement with WGTC for an initial capital contribution of $32,000,000. SDCERA also signed a copy of the Limited Partnership Agreement for WGTC (as subsequently amended and restated, the "WGTC Limited Partnership Agreement"). WGTC remains a direct investor in WGTC with a remaining capital account of approximately $78,000,000, according to statements SDCERA received from WGTC

as of December 31, 2008.   On December 31, 2008, SDCERA provided WGTC with written notice of termination of its investment in WGTC and demanded the return of all its capital, following WGTC's failure to cooperate with SDCERA's investment consultant during the course of a periodic due diligence review of WGTC.  Under the WGTC Limited Partnership Agreement, as amended, WGTC is required to liquidate SDCERA's investments and pay over to SDCERA its capital account in cash within six (6) months of such termination, i.e. by June 30, 2009.

On February 12, 2009, WGTC's Managing General Partners, Paul Greenwood and Stephen Walsh, were suspended as Commodity Pool Operators ("CPO") by virtue of the NFA's issuance of a Notice of Member Responsibility Action (the "NFA Order").  The suspensions were based on an NFA audit and, in part, on the NFA's allegation that Greenwood and Walsh refused to cooperate with the audit.  The NFA Order cites NFA Compliance Rule 2-13(a), which "in effect, requires NFA CPO Members such as Walsh [and] Greenwood…to maintain and produce the books and records…."

SDCERA has the right under Delaware Uniform Partnership Act (the "Act") to seek the removal of Walsh and Greenwood as partners, and has the right, along with the other WGTC limited partners, to then elect a replacement Managing General Partner ("Designee Managing General Partner") in accordance with the provisions of the WGTC Limited Partnership Agreement. However, to date, the Receiver has denied SDCERA's requests for a list identifying the names of other limited partners in WGTC even though these rights are granted to SDCERA under the WGTC Limited Partnership Agreement and the Act, which gives limited partners the right to obtain a "current list of the name and last known business, residence or mailing address of each partner." 6 Del. Code § 17-305(a)(3). This information is essential for limited partners

to be able to determine the action they wish to take with respect to the appointment of a Designee Managing General Partner.

On or about February 25, 2009, this Court entered Orders in both of these actions ("the Orders"). Under the Orders, assets under the control of the Defendants, including assets held by WGTC, were frozen, and Robb Evans & Associates LLP was appointed receiver for WGTC, as well as for Wash, Greenwood, WG Trading Investors, L.P. ("WGTI") and Westridge Capital Management ("Westridge"), and instructed to "determine if WGTI, WGTC and Westridge should undertake a bankruptcy filing." (Order entered in Case No. 09-cv-1750, ¶XVIII). The Orders also direct that WGTC, as well as the other Defendants, show cause why an Order should not be entered continuing in effect the restraining order prohibiting any distribution of property held by Defendants, including WGTC.

## II. Without Intervention, SDCERA Will Not Be Able to Protect Its Interest in Its Funds Held by WGTC.

The February 25, 2009 Orders, if left in effect as to WGTC during the pendency of these actions, will effectively deprive SDCERA of its rights to the return of its capital invested in WGTC pursuant to the WGTC Limited Partnership Agreement. Based upon audited financial statements prepared by Deloitte & Touche for at least three consecutive years, WGTC is solvent, able to meet its contractual obligation to SDCERA to distribute timely to SDCERA the full amount of SDCERA's capital, and has not commingled funds of WGTC with funds of the other named Defendants. Moreover, the allegations in the SEC Complaint and motion and CFTC Complaint and motion seeking injunctive relief and appointment of a receiver do not justify enjoining WGTC from complying with its contractual obligations to distribute to SDCERA its capital invested with WGTC.

The SEC Complaint alleges that investor clients of Westridge (rather than direct investors in WGTC) were defrauded in a scheme under which part of the investments by such clients were supposed to have been invested in WGTC. As alleged in the SEC Complaint, WGTC managed an enhanced index arbitrage trading strategy, under which S&P 500 or other futures are sold short and the underlying equities in the index are purchased long in an arbitrage transaction that locks in a stated rate of interest for a stated period of time. The SEC Complaint does not allege that there is anything fraudulent about this enhanced arbitrage trading strategy or operations conducted at WGTC. Nor does the SEC Complaint contend that the monies misappropriated from investors of Westridge and WGTI were ever on account with WGTC. Rather, the alleged fraud consisted of ***the failure of the other named Defendants to invest funds received from investors in WGTC as promised.***

> Rather than "fully" investing the 85% investor assets in WGTC for use in the index arbitrage trading strategy, as represented, Walsh and Greenwood invested a mere fraction of this money in WGTC and simply misappropriated the rest to pay for their lavish and luxurious lifestyles.

(SEC Complaint at ¶ 28) (emphasis added)). While the SEC Complaint alleges in a conclusory fashion that WGTC participated in the fraud alleged in the SEC Complaint, it does not specifically allege the nature of WGTC's participation in the fraudulent scheme described therein. Nonetheless, the SEC Complaint seeks disgorgement of profits and civil penalties from WGTC. (SEC Complaint, in Case No. 09-cv-1750, Prayer for Relief, ¶¶XII and XIII.) For its part, the CFTC Complaint names WGTC only as a "Relief Defendant" and does not allege, even in conclusory fashion, that WGTC acted unlawfully. Nothing in either Complaint refutes the premise that WGTC is an entity distinct from the other Defendants, operated separately and apart from the entities alleged to have engaged in fraud, and primarily owned by limited partners who are unrelated to the other named Defendants. Therefore, the allegations in the Complaints fail to

state any basis for customers of the other named Defendants to have a claim against SDCERA's limited partnership interest in WGTC.

SDCERA is informed and believes, and therefore alleges, that the proceeds of its own direct investment with WGTC are still in the possession of WGTC, and that this Court should not prevent distribution of such funds to SDCERA in contravention of SDCERA's rights under the WGTC Limited Partnership Agreement. Nothing alleged in either the SEC Complaint or the CFTC Complaint justifies freezing the assets of a legitimate limited partner over its objections. Should additional facts come to light which suggest that WGTC itself was operated in a fraudulent manner or that funds invested with WGTC were misappropriated by any of the other named Defendants, SDCERA is informed and believes, and therefore alleges, that there are fewer than fifteen (15) limited partners in WGTC, and that such limited partners are all public pension plans, institutional investors and corporate retirement plans that will be able to pursue appropriate remedies in their own names.

### III. **The February 25, 2009 Orders Should Be Modified.**

The Orders of February 25, 2009, work an injustice as to SDCERA and should be modified for the following reasons:

(a)   The Orders appoint a single receiver for all of the named Defendants, including WGTC. As pointed out below, WGTC is not represented by counsel, and the receiver refuses to retain or pay for counsel for WGTC. Under the allegations of the Complaints in these actions, there is an inherent conflict between the interests of WGTC and investors whose funds were, in fact, invested in WGTC (such as SDCERA), on the one hand, and the interests of the other Defendants and their allegedly defrauded customers, on the other hand.

(b) Assuming the Orders have been or will be converted to preliminary injunctions pending final adjudication, SDCERA will be improperly deprived of its right to timely distribution of its funds invested with WGTC pursuant to WGTC's Limited Partnership Agreement.

(c) WGTC is without any counsel of record in this action. The entry of the Orders appointing a receiver for WGTC deprives, as a practical matter, SDCERA and other limited partners of WGTC of their rights under the WGTC Limited Partnership Agreement to elect a new General Partner for WGTC to replace Greenwood and Walsh who, on information and belief, are suspended from the NFA and are accused felons in federal custody, and therefore, are both unqualified to act as WGTC's General Partners. WGTC is thus left in effect without a Managing General Partner to retain and consult with counsel in these proceedings as necessary to protect the separate and distinct interests of WGTC and its limited partners, such as SDCERA, and is being denied the opportunity to have counsel of record to avoid, among other things, an adjudication in this action adverse to WGTC that impairs the interests of its limited partners, including SDCERA, such as, the entry of default judgment against WGTC for failure to file an appearance in these actions and defend against the claims asserted. Currently, WGTC's answer is due March 26, 2009. On March 23, 2009, at a meeting in Orange County, California, the receiver specifically refused SDCERA's request to provide SDCERA with the identity of the approximately fifteen (15) other limited partners of WGTC, thus making it impossible for SDCERA to communicate with those other limited partners as necessary to determine what action to take to permit WGTC to be provided with representation in this case. See Declaration of Christen E. Bartelt annexed hereto as Exhibit "B". Further, the receiver refused SDCERA's request to employ separate counsel for WGTC absent an order of this Court. Id.

## IV. SDCERA is Entitled as of Right to Intervene in These Matters.

Based on the foregoing, the Court should grant SDCERA's motion to intervene in this matter. Under Rule 24 of the Federal Rules of Civil Procedure, SDCERA is entitled to intervene as of right. *See SEC v. Flight Transp. Corp.*, 699 F.2d 943, 949-51 (8th Cir. 1983) (holding that there can be intervention as a matter of right in an SEC enforcement action). Intervention as a matter of right is permitted when an applicant has (1) timely filed an application, (2) shown an interest in the action, (3) demonstrated that the interest will be impaired by the disposition of the action, and (4) shown that the interest is not adequately protected by the parties to the action. *S.E.C. v. Euro Security Fund*, 2006 WL 1461776, at *2 (S.D.N.Y. 2006). First, since both actions were filed on February 25, 2009, this motion has clearly been filed in a timely manner. Second, SDCERA claims an interest relating to the property or transaction which is the subject of this action, namely, its limited partnership interest in WGTC. Third, SDCERA has demonstrated that it is so situated that the disposition of the action may impair or impede its ability to protect its interests, namely, the imposition of a receivership over WGTC and related injunctive relief could prevent SDCERA from receiving the return of its capital from WGTC that it is entitled to according to the terms of the WGTC Limited Partnership Agreement. Fourth, SDCERA's interest is not adequately protected by existing parties to these actions because it is a direct investor in WGTC, not an investor in the alleged fraudulent scheme involving Westridge and WGTI described in the SEC Complaint, and WGTC is not represented by counsel.

## V. The Temporary Restraining Order Should Be Modified With Respect to SDCERA's Limited Partnership Interest.

Finally, the Court should modify its February 25, 2009 Temporary Restraining Order with respect to SDCERA's limited partnership interest. SDCERA exercised its contractual right to the return of its capital on December 31, 2008, well before the receivership went into place.

2753276.6                                     8

The existence of the receivership should not operate to deprive SDCERA of its right to redemption under the WGTC Limited Partnership Agreement and the Act. As such, the Court should modify its Temporary Restraining Order in the manner requested by SDCERA in its Intervening Complaint.

## VI. Conclusion.

Accordingly, SDCERA should be allowed to intervene in this case as a matter of right, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. In the alternative, the Court should grant SDCERA permissive intervention pursuant to Rule 24(b)(1)(B) on the grounds that it has a claim that shares a common question of law or fact with the primary action, and due to the fact that these matters have only been pending for less than a month, intervention by SDCERA will not prejudice the other parties to the lawsuits.

For the reasons set forth herein, SDCERA's motion to intervene should be granted, and the Temporary Restraining Order should be modified with respect to SDCERA's limited partnership interest.

**Dated:** New York, New York
March 25, 2009

Respectfully submitted,

*MAZZEO SONG & BRADHAM LLP*

By: /s/ John M. Bradham

David H. Hartheimer (DH-3583)
John M. Bradham (JB-2342)
Peter B. Katzman (PK-8030)
708 Third Avenue, 19th Floor
New York, NY 10017
Tel. No.: (212) 599-0700

Of Counsel
Ames Davis
Jennifer L. Weaver
Waller Lansden Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Tel No.: (615) 244-6380

*Counsel for San Diego County
Employees Retirement Association*