**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/12/13

---

COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

-against-

STEPHEN WALSH, *et al.*,

    Defendants,

-and-

WESTRIDGE CAPITAL MANAGEMENT et al.,

    Relief Defendants.

09 CV 1749 (GBD)



RECEIVED
APR 11 2013
CHAMBERS OF
ANDREW J. PECK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

WG TRADING INVESTORS, L.P., *et al.*,

    Defendants,

-and-

ROBIN GREENWOOD AND JANET WALSH,

    Relief Defendants.

09 CV 1750 (GBD)

**MEMO ENDORSED** 4/11/13

THESE INTERROGATORIES ARE QUASHED AS TOTALLY REDUNDANT OF SCHABERG'S DOCUMENT REQUESTS, AND THUS ASK NOTHING OF THE GOVT. EXCEPT "MAKE WORK." NEVERTHELESS, SCHABERG HAS NOW USED 21 OF THE ALLOWED 25 INTS. UNDER THE FED. RULES. THE COURT WILL DEAL W. THE DOC. REQUESTS AT THE UPCOMING CONF.

SO ORDERED:
/s/ Andrew Jay Peck
United States Magistrate Judge

**RELIEF DEFENDANT JANET SCHABERG'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS COMMODITY FUTURES TRADING COMMISSION AND SECURITIES AND EXCHANGE COMMISSION**

**BY ECF** *cc: all counsel* *Judge Daniels*

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 33.3 of the Local Rules of the Southern District of New York and the bench Order of Magistrate Judge Andrew J. Peck, issued April 4, 2013, Relief Defendant Janet Schaberg ("Ms. Schaberg"), through her undersigned counsel, hereby requests that plaintiffs Commodity Futures Trading Commission and Securities and Exchange Commission (jointly, "the agencies"), answer separately and fully, in writing, under oath, the following interrogatories, and serve such answers upon the undersigned counsel at the Law Offices of Steven L. Kessler, 122 East 42nd Street, New York, N.Y., 10168, on or before Friday, April 12, 2013. By serving these Interrogatories, Ms. Schaberg is not conceding the substance or scope of the discovery as ordered by the Court in this case and is not waiving any objections she has made or may make regarding this discovery process or the Orders of Judge George Daniels or Magistrate Judge Andrew Peck relating to this case.

## DEFINITIONS

1. Local Civil Rule 26.3 Uniform Definitions in Discovery Requests of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is incorporated herein by reference. The following definitions and instructions are expressly incorporated into each specific request for production as if fully stated therein:

2

2. "Agencies," "Plaintiffs," "You" or "Your" means plaintiffs Commodity Futures Trading Commission and Securities and Exchange Commission, their agents, investigators, attorneys and any and all other agencies cooperating with, supporting, or acting in concert with, the agencies in these proceedings.

3. "Complaints" mean the Complaints, dated February 25, 2009, by the agencies in these proceedings.

4. "Property Settlement and Divorce" refers to the Stipulation of Settlement and Agreement between Ms. Schaberg and defendant Stephen Walsh, dated November 1, 2006, and the Judgment of Divorce entered April 4, 2007 in *Walsh v. Walsh*, No. 200019/2005 (Sup. Ct. Nassau County).

## INSTRUCTIONS

1. All instructions set forth in the agencies' Second Set of Interrogatories to Relief Defendant Janet Walsh Schaberg, dated February 12, 201,3 are incorporated by reference herein and made a part hereof.

2. For each document identified in response to these Interrogatories, set forth the document's location, including, but not limited to, box name, file name, page number, Bate stamp number and all other identifying information that would enable Ms. Schaberg to locate the document within the agencies' production in response to her First Request for Production of Documents, served herewith, dated April 5, 2013.

3

## INTERROGATORIES

1. Identify each document produced by the Receiver or his agents in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

2. Identify each document produced by the Receiver or his agents in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

3. Identify each document produced by Meyer, Greene & Degge or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

4. Identify each document produced by Meyer, Greene & Degge or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

5. Identify each document produced by Dechert LLP or its agents in response

4

to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

6.  Identify each document produced by Dechert LLP or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

7.  Identify each document produced by Sheehan & Company or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

8.  Identify each document produced by Sheehan & Company or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

9.  Identify each document produced by Hafetz, Nacheles & Rocco or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession

of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

10. Identify each document produced by Hafetz, Nacheles & Rocco or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

11. Identify each document produced by Sher Tremonte LLP or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

12. Identify each document produced by Sher Tremonte LLP or its agents in response to the agencies' subpoena, dated February 15, 2013, in the possession of the agencies that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

13. Identify each document that is either currently in the possession of the United States Attorney's Office for the Southern District of New York or has been turned

over to the agencies by the United States Attorney's office for the Southern District of New York that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

14. Identify each document that is either currently in the possession of the United States Attorney's Office for the Southern District of New York or has been turned over to the agencies by the United States Attorney's office for the Southern District of New York that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

15. Identify each document seized by law enforcement from any individual, corporate defendant, or individual affiliated at any time with any corporate defendant in these proceedings, including, but not limited to, Paul Greenwood, Robin Greenwood, Deborah Duffy, James L. Carder, Carol Martinez, Alberta Reilly, Jack Reynolds and Stephen Walsh, not already identified in response to any of the foregoing Interrogatories, that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

16. Identify each document seized by law enforcement from any individual, corporate defendant, or individual affiliated at any time with any corporate defendant in these proceedings, including, but not limited to, Paul Greenwood, Robin Greenwood,

Deborah Duffy, James L. Carder, Carol Martinez, Alberta Reilly, Jack Reynolds and Stephen Walsh, not already identified in response to any of the foregoing Interrogatories, that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

17. Identify each document in the possession of the agencies (as defined above) not already identified in response to any of the foregoing Interrogatories, that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

18. Identify each document in the possession of the agencies (as defined above) not already identified in response to any of the foregoing Interrogatories, that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

19. Identify all documents that the agencies intend to use as Exhibits or evidence in supporting or opposing a summary judgment motion made by Ms. Schaberg relating to the claims against Ms. Schaberg asserted in the Complaints, not already identified in response to any of the foregoing Interrogatories, that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of Ms. Schaberg's good faith in connection with her Property Settlement and Divorce.

20.     Identify all documents that the agencies intend to use as Exhibits or evidence in supporting or opposing a summary judgment motion made by Ms. Schaberg relating to the claims against Ms. Schaberg asserted in the Complaints, not already identified in response to any of the foregoing Interrogatories, that proves, leads to proof of, or that the agencies deem relevant to proving, the issue of whether Ms. Schaberg provided fair consideration for the property she received pursuant to the Property Settlement and Divorce.

Dated:      New York, New York
            April 5, 2013

                                    LAW OFFICES OF STEVEN L. KESSLER

                                    *Steven L. Kessler*

                            By:     _____
                                    Steven L. Kessler
                                    122 East 42nd Street, Suite 606
                                    New York, New York 10168
                                    (212) 661-1500

                                    *Attorneys for putative Relief Defendant*
                                    *Janet Schaberg f/k/a Janet Walsh*

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: April 12, 2013　　　　　　　　　　　Total Number of Pages: 10

## TRANSCRIPTION OF MEMO ENDORSED ORDER

These "Interrogatories" are quashed as totally redundant of Schaberg's Document Requests, and thus ask nothing of the Gov't except "make work." Nevertheless, Schaberg has now used 20 of the allowed 25 Ints. under the Fed. Rules. The Court will deal with the Doc. Requests at the upcoming conference.

Copies by ECF to: All Counsel
　　　　　　　　　Judge George B. Daniels