

RECEIVED
APR 23 2013
CHAMBERS OF
ANDREW J. PECK

# SHER TREMONTE LLP

## MEMO ENDORSED — p.2

April 23, 2013

**BY FAX**

Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Fax: 212.805.7933

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/24/13

Re:  *Commodity Futures Trading Comm'n v. Stephen Walsh, et al.*
(Case No. 09 Civ. 1749 (GBD)(AJP));
*Securities and Exchange Comm'n v. W.G. Trading Investors, L.P., et al.*
(Case No. 09 Civ. 1750 (GBD)(AJP))

Dear Judge Peck:

This firm represents Defendant Stephen Walsh in the above-referenced matters. During the conference yesterday, the Court directed the undersigned to produce an e-mail between Mr. Walsh's matrimonial counsel, Gary Mennitt, Esq. of Dechert LLP, and John Barnosky, Esq. of Farrell Fritz, P.C. The Court concluded that Mr. Walsh could not withhold the e-mail on grounds of privilege in light of the Securities and Exchange Commission's representation that Farrell Fritz represented Janet Schaberg.

Following the conference, we investigated further and determined that Farrell Fritz advised both Mr. Walsh and Ms. Schaberg jointly and Mr. Walsh individually in connection with certain trust and estate matters. Thus, even if the document could not be withheld from Ms. Schaberg as a joint client, we do not believe that any privilege has been waived such that the document is now discoverable by the Securities and Exchange Commission or the Commodity Futures Trading Commission. On the contrary, the communication – an e-mail from a lawyer who represented both Mr. Walsh and Ms. Schaberg to a lawyer who represented Mr. Walsh – cannot be described as a communication outside of the attorney-client relationship. *See, e.g. S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 146 (S.D.N.Y. 2004) (ruling that voluntary disclosure

Hon. Andrew J. Peck
April 23, 2013
Page 2

to a party "outside the attorney-client relationship" waives the attorney-client privilege because it destroys the confidentiality of the communication).

In light of this information, I respectfully request that the Court reconsider its ruling and permit Mr. Walsh to withhold this e-mail on the basis of the attorney-client privilege. I have enclosed the e-mail and the associated attachment for the Court's *in camera* review and am prepared to provide any additional information that may assist the Court.

Respectfully submitted,

*Justin Sh* [signature]

Justin M. Sher

cc: Peter Haas, Esq., Commodity Futures Trading Commission (by e-mail)
Paul Gizzi, Esq., Securities and Exchange Commission (by e-mail)
Steven Kessler, Esq., counsel for Janet Schaberg (by e-mail)

**MEMO ENDORSED** 4/24/13

Upon review, the document need not be produced.

SO ORDERED: [signature]

Hon. Andrew Jay Peck
United States Magistrate Judge