UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                   Plaintiff,<br><br>  -against-<br><br>STEPHEN WALSH, PAUL GREENWOOD, WESTRIDGE CAPITAL MANAGEMENT, INC., WG TRADING INVESTORS, LP, WGIA, LLC,<br><br>                   Defendants,<br><br>WESTRIDGE CAPITAL MANAGEMENT ENHANCEMENT FUNDS INC., WG TRADING COMPANY LP, WGI LLC, K&L INVESTMENTS, AND JANET WALSH,<br><br>                   Relief Defendants. | Civil Action No.:  09-CV-1749 (GBD) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br><br>  -against-<br><br>WG TRADING INVESTORS, L.P., WG TRADING COMPANY LIMITED PARTNERSHIP, WESTRIDGE CAPITAL MANAGEMENT, INC., PAUL GREENWOOD, and STEPHEN WALSH,<br><br>                   Defendants,<br><br>ROBIN GREENWOOD and JANET WALSH,<br><br>                   Relief Defendants. | Civil Action No.:  09-CV-1750 (GBD) |

**DECLARATION OF BRICK KANE IN SUPPORT OF THE EIGHTEENTH JOINT APPLICATION OF THE RECEIVER, FRANDZEL ROBINS BLOOM & CSATO, L.C., DIAMOND MCCARTHY LLP, BARNES & THORNBURG LLP, AND HARNEYS WESTWOOD & RIEGELS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD JULY 1, 2017 THROUGH DECEMBER 31, 2017**

2932064.2 | 078410-0043

I, Brick Kane, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Deputy to the Receiver Robb Evans & Associates LLC ("Receiver") and a principal of the firm. I have been one of the deputies to the Receiver with primary responsibility for the day-to-day supervision and management of the Receivership Estate in the above-captioned matters involving the Commodity Futures Trading Commission and the Securities Exchange Commission since the Receiver was first appointed on February 25, 2009. I have personal knowledge of the matters set forth in this declaration or have gained knowledge of these matters based on my participation in the day-to-day supervision and management of this Receivership Estate, my analysis and review of the books and records of the receivership, including extensive analysis of business, financial, accounting, banking and other records of the Receivership Estate, and my communication with the supervision of other members of Robb Evans & Associates LLC, who assist the Receiver in the day-to-day management of this Receivership Estate.

2. I am submitting this declaration in support of the Eighteenth Joint Application of the Receiver, Frandzel Robins Bloom & Csato, L.C., Diamond McCarthy LLP, Barnes & Thornburg LLP and Harneys Westwood & Riegels, for Allowance for Compensation and Reimbursement of Expenses during the Period of July 1, 2017 through December 31, 2017 ("Eighteenth Application"). If called upon to testify as to these matters, I could and would competently testify thereto.

3. The Receiver was first appointed as a temporary receiver in these matters by this Court's orders dated February 25, 2009. The Receiver is currently acting as a permanent receiver over the various defendants and relief defendants pursuant to the Court's preliminary injunction orders issued on May 22, 2009 (collectively, the "Receivership Orders"). Each of the

Receivership Orders contain provisions that entitle the Receiver, and all personnel hired by the Receiver, including counsel to the Receiver, to reasonable compensation for the performance of duties pursuant to the Receivership Orders, and for the cost of actual out-of-pocket expenses incurred by them.

4. The Receiver submitted its First Joint Application in December 2009, which was approved in its entirety by Orders of the Court entered on approximately February 23, 2010. The Receiver submitted its Second Joint Application in July 2010, which was approved in its entirety by Orders of the Court entered on approximately July 8, 2010. The Receiver submitted its Third Joint Application in October 2010, which was approved in its entirety by Orders of the Court entered on approximately October 20, 2010. The Receiver submitted its Fourth Joint Application in May 2011, which was approved in its entirety by Orders of the Court entered on approximately May 20, 2011. The Receiver submitted its Fifth Joint Application in November 2011, which was approved in its entirety by Orders of the Court entered on approximately December 22, 2011. The Receiver submitted its Sixth Joint Application in July 2012, which was approved in its entirety by Orders of the Court entered on approximately September 18, 2012. The Receiver submitted its Seventh Joint Application in December 2012, which was approved in its entirety by Orders of the Court entered on approximately December 21, 2013. The Receiver submitted its Eighth Joint Application in July 2013, which was approved in its entirety by Orders of the Court entered on approximately July 8, 2013. The Receiver submitted its Ninth Joint Application in November 2013, which was approved in its entirety by Orders of the Court entered on approximately November 15, 2013. The Receiver submitted its Tenth Joint Application in July 2014, which was approved in its entirety by Orders of the Court entered on approximately August 20, 2014. The Receiver submitted its Eleventh Joint Application in

December 2014, which was approved in its entirety by Orders of the Court entered on approximately December 15, 2014. The Receiver submitted its Twelfth Joint Application in June 2015, which was approved in its entirety by Orders of the Court entered on approximately June 8, 2015. The Receiver submitted its Thirteenth Joint Application in December 2015, which was approved in its entirety by Orders of the Court entered on approximately January 4, 2016. The Receiver submitted its Fourteenth Joint Application in May 2016, which was approved in its entirely by Orders of the Court entered on approximately June 1, 2016. The Receiver submitted its Fifteenth Joint Application in December 2016, which was approved in its entirety by Orders of the Court entered on approximately January 11, 2017. The Receiver submitted its Sixteenth Joint Application in August 2017, which was approved in its entirety by Orders of the Court entered on approximately August 22, 2017. The Receiver submitted its Seventeenth Joint Application in March 2018, which was approved in its entirety by Orders of the Court entered on approximately March 28, 2018.

5. Between July 1, 2017 and December 31, 2017 (the "Eighteenth Application Period"), the Receiver's services to the estate included, among other things: continuing the Receiver's efforts to liquidate the Liberty Hill property; participating in ongoing discussions with fund managers concerning the Orion Capital Management/Orion Constellation Partners Fund; liquidation of the Westridge entities in the BVI; and ongoing communications with the CFTC, SEC and other investors concerning the Receivership Estate.

6. In connection with these services the Receiver is seeking fees in the amount of $9,798.90 and reimbursement of expenses in the amount of $14,035.97.[1]

---

[1] Included within the expenses are tax return preparation fees of $12,659.34.

7.     Attached hereto as Exhibit "A" is a spreadsheet prepared by the Receiver's staff which breaks out the Receiver's Administrative Expenses by month for each month during the Eighteenth Application Period. At the end of the Eighteenth Reporting Period, the Receiver had collected total funds of $1,025,530,199.66, an increase of $819,582.68 from the end of the Eighteenth Reporting Period (June 30, 2017). Notably, as of December 31, 2017, the Receiver had disbursed to investors the sum of $978,343,168.17.

8.     Attached hereto as Exhibit "B" is a true and correct copy of the July 2017 Invoice for professional services the Receiver and its staff rendered to the Receivership Estate for July 2017.[2] The fees incurred by the Receiver during this time period are $3,948.60 and the expenses totaled $202.30. Page 1 of Exhibit "B" identifies each person from the Receiver's office who worked on the estate during July 2017, the total amount of hours each person worked on the estate during July 2017, their individual billing rates and the total amount of fees that were generated as a result of their efforts as well as an aggregate amount of fees the Receiver billed the estate for July 2017. The remaining pages of Exhibit "B" contain the individual time records for each person from the Receiver's office who worked on the estate during July 2017. Pursuant to Sections D 4 and 5 of the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission ("SEC Guidelines"), the individual time records are in chronological order by Activity Category and describe the service that was performed and the total amount of time spent performing the particular task.

---

[2] Where necessary the descriptions of the work performed in Exhibits "B", "C", "D", "E", "F", and "G" have been redacted to preserve the attorney-client and/or attorney work product privileges or to otherwise protect the Receiver and the estate from inappropriate disclosures. However, unredacted versions are being provided to the Court for an in camera review.

9. Attached hereto as Exhibit "C' is a true and correct copy of the August 2017 Invoice for professional services the Receiver and its staff rendered to the Receivership Estate for August 2017. The fees incurred by the Receiver during this time period are $1,620.30 and the expenses totaled $203.22. Page 1 of Exhibit "C" identifies each person from the Receiver's office who worked on the estate during August 2017, the total amount of hours each person worked on the estate during August 2017, their individual billing rates and the total amount of fees that were generated as a result of their efforts as well as an aggregate amount of fees the Receiver billed the estate for August 2017. The remaining pages of Exhibit "C" contain the individual time records for each person from the Receiver's office who worked on the estate during August 2017. Pursuant to Sections D 4 and 5 of the SEC Guidelines, the individual time records are in chronological order by Activity Category and describe the service that was performed and the total amount of time spent performing the particular task.

10. Attached hereto as Exhibit "D" is a true and correct copy of the September 2017 Invoice for professional services the Receiver and its staff rendered to the Receivership Estate for September 2017. The fees incurred by the Receiver during this time period are $1,573.20 and the expenses totaled $313.06. Page 1 of Exhibit "D" identifies each person from the Receiver's office who worked on the estate during September 2017, the total amount of hours each person worked on the estate during September 2017, their individual billing rates and the total amount of fees that were generated as a result of their efforts as well as an aggregate amount of fees the Receiver billed the estate for September 2017. The remaining pages of Exhibit "D" contain the individual time records for each person from the Receiver's office who worked on the estate during September 2017. Pursuant to Sections D 4 and 5 of the SEC Guidelines, the individual time records are in chronological order by Activity Category and

describe the service that was performed and the total amount of time spent performing the particular task.

11. Attached hereto as Exhibit "E" is a true and correct copy of the October 2017 Invoice for professional services the Receiver and its staff rendered to the Receivership Estate for October 2017. The fees incurred by the Receiver during this time period are $1,037.40 and expenses totaled $12,915.19, which includes tax preparation fees of $12,659.34. Page 1 of Exhibit "E" identifies each person from the Receiver's office who worked on the estate during October 2017, the total amount of hours each person worked on the estate during October 2017, their individual billing rates and the total amount of fees that were generated as a result of their efforts as well as an aggregate amount of fees the Receiver billed the estate for October 2017. The remaining pages of Exhibit "E" contain the individual time records for each person from the Receiver's office who worked on the estate during October 2017. Pursuant to Sections D 4 and 5 of the SEC Guidelines, the individual time records are in chronological order by Activity Category and describe the service that was performed and the total amount of time spent performing the particular task.

12. Attached hereto as Exhibit "F" is a true and correct copy of the November 2017 Invoice for professional services the Receiver and its staff rendered to the Receivership Estate for November 2017. The fees incurred by the Receiver during the time period are $858.00 and expenses totaled $209.76. Page 1 of Exhibit "F" identifies each person from the Receiver's office who worked on the estate during November 2017, the total amount of hours each person worked on the estate during November 2017, their individual billing rates and the total amount of fees that were generated as a result of their efforts as well as an aggregate amount of fees the Receiver billed the estate in November 2017. The remaining pages of Exhibit "F" contain the

individual time records for each person from the Receiver's office who worked on the estate during November 2017. Pursuant to Sections D 4 and 5 of the SEC Guidelines, the individual time records are in chronological order by Activity Category and describe the service that was performed and the total amount of time spent performing the particular task.

13. Attached hereto as Exhibit "G" is a true and correct copy of the December 2017 Invoice for professional services the Receiver and its staff rendered to the Receivership Estate for December 2017. The fees incurred by the Receiver during the time period are $761.40 and expenses totaled $192.44. Page 1 of Exhibit "G" identifies each person from the Receiver's office who worked on the estate during December 2017, the total amount of hours each person worked on the estate during December 2017, their individual billing rates and the total amount of fees that were generated as a result of their efforts as well as an aggregate amount of fees the Receiver billed the estate in December 2017. The remaining pages of Exhibit "G" contain the individual time records for each person from the Receiver's office who worked on the estate during December 2017. Pursuant to Sections D 4 and 5 of the SEC Guidelines, the individual time records are in chronological order by Activity Category and describe the service that was performed and the total amount of time spent performing the particular task.

14. The Receiver and its staff observed the policies of the SEC Guidelines in connection with all expenses incurred during the Eighteenth Application Period and for which it is now seeking reimbursement. In addition, the invoices attached as Exhibits "B" – "G" hereto, reflect a discount of 10% off of the Receiver's normal hourly billing rates.

15. In addition to legal fees for the Frandzel firm which are the subject matter of the Declaration of Craig A. Welin, the receivership estate has also incurred additional fees and costs from three other law firms during the Eighteenth Application Period. Specifically, the

receivership estate incurred legal fees and expenses from the Diamond McCarthy LLP firm in the sum of $643.50. Gary Caris, the partner at Diamond McCarthy that was working on this matter, moved to the Barnes & Thornburg LLP firm in late 2017, and the Barnes firm incurred legal fees in the Seventeenth Application Period in the sum of $297.00. Finally, the receivership estate also incurred legal fees and expenses from the firm of Harneys Westwood & Riegels in the sum of $1,819.84.

16. The Receiver respectfully requests that the Court approve its request for compensation and reimbursement of expenses as set forth in the Eighteenth Application, and submits that in light of the work performed during the Eighteenth Application Period as itemized in the attached Exhibits, the total fees and costs of the Receiver and its professionals are reasonable and should be approved and authorized for payment in their entirety.

17. The Receiver has complied with the notice requirements for the Eighteenth Application as set forth in the Receivership Orders. Further, by virtue of the electronic filing system, every interested person who has filed an appearance in the above-captioned matters will receive a copy of the Eighteenth Application. In addition, the Receiver will provide an entire copy of the Eighteenth Application to anyone who requests a copy of it in writing directed to Robb Evans & Associates LLC, 11450 Sheldon Street, Sun Valley, California 91352-1121. The Receiver has also posted a copy of the Eighteenth Application, exclusive of the voluminous exhibits, on the Receiver's website for this case at: http://www.robbevans.com/find-a-case/casepage/wg-trading-investors-lp-et-al-receiver.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2018
Sun Valley, California

_____
BRICK KANE, Declarant