UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

    - against -

WG TRADING INVESTORS, L.P.,
WG TRADING COMPANY, LIMITED PARTNERSHIP,
WESTRIDGE CAPITAL MANAGEMENT, INC.,
PAUL GREENWOOD and STEPHEN WALSH,

                 Defendants,
    - and -

ROBIN GREENWOOD AND JANET WALSH,

                 Relief Defendants.

------------------------------------------------------------------------x

09 CV 1750 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 1 2020

## FINAL JUDGMENT AS TO DEFENDANT
## WESTRIDGE CAPITAL MANAGAEMENT, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Westridge Capital Management, Inc. ("Westridge") by and through Robb Evans Associates LLC, acting solely in its capacity as the Receiver over Westridge in accordance with the Court's Orders appointing the Receiver and authorizing the Receiver to enter into this Final Judgment; having consented to the Court's jurisdiction over Westridge and the subject matter of this action; having consented to entry of this Final Judgment; having waived findings of fact and conclusions of law; and having waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Westridge is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder

[17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Westridge's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Westridge or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Westridge is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Westridge's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Westridge or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Westridge and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly,

(1) to employ any device, scheme or artifice to defraud any client or prospective client;

(2) to engage in any transaction, practice or courses of business which operates as a fraud or deceit upon any client or prospective client; or

(3) to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Westridge's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Westridge or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Westridge shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED

Dated: _____JUN 0 1 2020_____,_____
New York, NY

*George B. Daniels*
UNITED STATES DISTRICT JUDGE