UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
                    Plaintiff, :
:
       - against - :
:
WG TRADING INVESTORS, L.P., :
WG TRADING COMPANY, LIMITED PARTNERSHIP, : 09 CV 1750 (GBD)
WESTRIDGE CAPITAL MANAGEMENT, INC., :
PAUL GREENWOOD and STEPHEN WALSH, :
:
                    Defendants, :
       - and - :
:
ROBIN GREENWOOD AND JANET WALSH, :
:
                    Relief Defendants. :
------------------------------------------------------------x

## CONSENT OF DEFENDANT WESTRIDGE CAPITAL MANAGEMENT, INC.

1.    Defendant Westridge Capital Management, Inc. ("Westridge"), acknowledges having been served with the complaint in this action, enters a general appearance, and admits to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    On February 25, 2009, Plaintiff, Securities and Exchange Commission (the "Commission"), filed a complaint against defendants, WG Trading Investors, L.P., WG Trading Company, Limited Partnership, Westridge, Paul Greenwood and Stephen Walsh, for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-

6(2) and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]. Further, the complaint also named as relief defendants, Robin Greenwood ("R. Greenwood") and Janet Walsh ("J. Walsh").

3. On February 25, 2009, on the nomination of the Commission, the Court also issued a Temporary Restraining Order, pursuant to which the assets of Westridge were placed under the management and control of the receiver, Robb Evans & Associates LLC (the "Receiver"). In addition to taking over possession and control of Westridge's assets, the Receiver was empowered to, "[T]ake such further actions as the Court shall deem equitable, and just and appropriate under the circumstances upon proper application of the Receiver". On May 22, 2009, the Court converted the Temporary Restraining Order into a Preliminary Injunction and ordered that the Receiver continue to serve as the Receiver in the civil enforcement action with all duties and powers as set forth in the initial Temporary Restraining Order.

4. On August 16, 2018, the Court approved the Receiver's So-Ordered letter, pursuant to which the Receiver sought authority from the Court to enter into this Consent ( the "So-Ordered Letter").

5. Under these circumstances, Westridge, through Robb Evans & Associates LLC, solely in its capacity as the court-appointed Receiver in this matter, hereby enters into this Consent and hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Westridge from violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 206(4) of the Advisers Act

[15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8].

6. Westridge waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Westridge waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Westridge enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Westridge to enter into this Consent.

9. Westridge agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Westridge will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Westridge waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Westridge of its terms and conditions. Westridge further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Westridge has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Westridge in this civil proceeding. Westridge acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Westridge waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Westridge further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Westridge understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13. Westridge understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Westridge's agreement to comply with the terms of Section 202.5(e), Westridge: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Westridge does not admit the

allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) upon the filing of this Consent, Westridge hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Westridge breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Westridge's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Westridge hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Westridge to defend against this action. For these purposes, Westridge agrees that Westridge is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Westridge (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Westridge's undersigned attorney as agent to receive service of such notices and subpoenas; and (iv) consents to personal jurisdiction over Westridge in any United States

Case 2:09-cv-01750-GBD Document 923 Filed 06/01/20 Page 6 of 7

District Court for purposes of enforcing any such subpoena.

16. Westridge agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. Westridge agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11-6-19

Brick Kane
Robb Evans and Associates LLC,
Acting solely in its capacity as the Court-appointed Receiver for Westridge Capital Management, Inc.

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California )
County of Los Angeles )

On 11/6/19, before me, Anita Jen, a Notary Public, personally appeared Brick Kane, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

ANITA JEN
Notary Public - California
Los Angeles County
Commission # 2258436
My Comm. Expires Sep 23, 2022

*Intentional page break, document continues on page 7.*

Approved as to form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
Craig A. Welin
Acting solely in its capacity as Counsel
for Court-Appointed Receiver for
Westridge Capital Management, Inc.

SO ORDERED

Dated: __JUN 0 1 2020__,
New York, NY

_____
George B. Daniel
UNITED STATES DISTRICT JUDGE