**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  - against -

WG TRADING INVESTORS, L.P.,
WG TRADING COMPANY, LIMITED PARTNERSHIP,  : 09 CV 1750 (GBD)
WESTRIDGE CAPITAL MANAGEMENT, INC.,
PAUL GREENWOOD and STEPHEN WALSH,

        Defendants,
  - and -

ROBIN GREENWOOD AND JANET WALSH,

        Relief Defendants.
------------------------------------------------------------------x

## CONSENT OF DEFENDANT WG TRADING COMPANY, LIMITED PARTNERSHIP

1. Defendant WG Trading Company, Limited Partnership ("WGTC"), acknowledges having been served with the Complaint in this action, enters a general appearance, and admits to the Court's juridcition over Defendant and over the subject matter of this action.

2. On February 25, 2009, Plaintiff, Securities and Exchange Commission (the "Commission"), filed a complaint against defendants, WG Trading Investors, L.P., WGTC, Westridge Capital Management, Inc., Paul Greenwood and Stephen Walsh, for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)]

and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]. Further, the complaint also named as relief defendants, Robin Greenwood ("R. Greenwood") and Janet Walsh ("J. Walsh").

3. On February 25, 2009, on the nomination of the Commission, the Court also issued a Temporary Restraining Order, pursuant to which the assets of WGTC were placed under the management and control of the receiver, Robb Evans & Associates LLC (the "Receiver"). In addition to taking over possession and control of WGTC's assets, the Receiver was empowered to, "[T]ake such further actions as the Court shall deem equitable, and just and appropriate under the circumstances upon proper application of the Receiver". On May 22, 2009, the Court converted the Temporary Restraining Order into a Preliminary Injunction and ordered that the Receiver continue to serve as the Receiver in the civil enforcement action with all duties and powers as set forth in the initial Temporary Restraining Order.

4. On August 16, 2018, the Court approved the Receiver's So-Ordered letter, pursuant to which the Receiver sought authority from the Court to enter into this Consent ( the "So-Ordered Letter").

5. Under these circumstances, WGTC, through Robb Evans & Associates LLC, solely in its capacity as the court-appointed Receiver in this matter, hereby enters into this Consent and hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins WGTC from violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

6. WGTC waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

7. WGTC waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. WGTC enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce WGTC to enter into this Consent.

9. WGTC agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. WGTC will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. WGTC waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to WGTI of its terms and conditions. WGTC further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that WGTC has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against WGTC in this civil proceeding. WGTC acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. WGTC waives any

claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. WGTC further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, WGTC understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13. WGTC understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of WGTC's agreement to comply with the terms of Section 202.5(e), WGTC: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that WGTC does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; and (iii) upon the filing of this Consent, WGTC hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If WGTC breaches this agreement, the Commission may

petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects WGTC's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. WGTC hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by WGTC to defend against this action. For these purposes, WGTC agrees that WGTC is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, WGTC (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints WGTC's undersigned attorney as agent to receive service of such notices and subpoenas; and (iv) consents to personal jurisdiction over WGTC in any United States District Court for purposes of enforcing any such subpoena.

16. WGTC agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. WGTC agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11-6-19

_____
Brick Kane
Robb Evans and Associates LLC,
Acting solely in its capacity as the Court-appointed Receiver for WG Trading Company, Limited Partnership

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California     )
County of Los Angeles   )

On 11/6/19, before me, Anita Jen, a Notary Public, personally appeared Brick Kane, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

[Notary Seal: ANITA JEN, Notary Public - California, Los Angeles County, Commission # 2258438, My Comm. Expires Sep 23, 2022]

Approved as to form:

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: _____
Craig A. Welin
Acting solely in its capacity as Counsel
for Court-Appointed Receiver for WG
Trading Company, Limited Partnership

3390139.2 | 078410-0043                         6

SO ORDERED

Dated:     JUN 0 1, 2020
         New York, NY

_____
UNITED STATES DISTRICT JUDGE