UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

   - against -

WG TRADING INVESTORS, L.P.,
WG TRADING COMPANY, LIMITED PARTNERSHIP,     09 CV 1750 (GBD)
WESTRIDGE CAPITAL MANAGEMENT, INC.,
PAUL GREENWOOD and STEPHEN WALSH,

              Defendants,
    - and -

ROBIN GREENWOOD AND JANET WALSH,

              Relief Defendants.
------------------------------------------------------------------------x

**FINAL JUDGMENT AS TO RELIEF DEFENDANT ROBIN GREENWOOD**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Robin Greenwood ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $90,500, representing ill-gotten funds received as a result of the conduct alleged in the Complaint and under circumstances where Relief Defendant does not have a legitimate claim to those funds, together with prejudgment interest thereon in the amount of

$25,213.01, for a total of $115,713.01. Relief Defendant shall satisfy this obligation by paying $115,713.01 to Robb Evans & Associates LLC, the court-appointed receiver.

Relief Defendant may transmit payment electronically to the Robb Evans & Associates LLC, the court-appointed receiver, which will provide detailed ACH transfer/wire instructions upon request. Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to "Robb Evans & Associates LLC, Receiver of WG Trading Company LP, et al.," which shall be delivered or mailed to

Robb Evans & Associates LLC
11450 Sheldon Street
Sun Valley, California 91352-1121

and shall be accompanied by a letter identifying (i) the case title, civil action number, and name of this Court; (ii) Robin Greenwood as a relief defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant. In addition, Robb Evans & Associates LLC, the court-appointed receiver, shall hold the funds (collectively, the "Fund") and propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,        :
                                           :
             **Plaintiff,**  :
                                           :
       - against -                   :
                                           :
WG TRADING INVESTORS, L.P.,                :
WG TRADING COMPANY, LIMITED PARTNERSHIP,   :   09 CV 1750 (GBD)
WESTRIDGE CAPITAL MANAGEMENT, INC.,        :
PAUL GREENWOOD and STEPHEN WALSH,          :
                                           :
             **Defendants,**  :
       - and -                       :
                                           :
ROBIN GREENWOOD AND JANET WALSH,           :
                                           :
             **Relief Defendants.**  :
---------------------------------------------------------------------x

**CONSENT OF RELIEF DEFENDANT ROBIN GREENWOOD**

1.  Relief Defendant Robin Greenwood ("Relief Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as provided in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders that Relief Defendant is liable for disgorgement of $90,500, representing ill-gotten funds received as a result of the conduct alleged in the Complaint and under circumstances where Relief Defendant does not have a legitimate claim to those funds, plus prejudgment interest in the amount of $25,213.01, for a total of $115,713.01.

3  Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.  Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.  Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.  Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.  Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.  Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have

arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" and "a refusal to admit the allegations is equivalent to a denial, unless the defendants or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that

6

Relief Defendant does not deny the allegations; (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and t; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter

for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/30/19

_____
Robin Greenwood

On October 30, 2019, Robin Greenwood, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 2/7/2021

[Notary Seal: MATTHEW DAVIS, Notary Public, Moore County, My Comm. Exp. 2/7/2021, NORTH CAROLINA]

Approved as to form:

_____
Daniel S. Ruzumna, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2034
Attorney for Relief Defendant

SO ORDERED

'JUN 0 9 2020

Dated: _____, _____
New York, NY

*George B. Daniels*
UNITED STATES DISTRICT JUDGE